| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>CHRISTOPHER CHORBA, Cal. Bar No. 216692<br>  cchorba@gibsondunn.com<br>LAUREN M. BLAS, Cal. Bar No. 296823<br>  lblas@gibsondunn.com<br>JEREMY S. SMITH, Cal. Bar No. 183010<br>  jssmith@gibsondunn.com<br>SEAN HOWELL, Cal. Bar No. 315967<br>  showell@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>MOE KESHAVARZI, Cal. Bar No. 223759<br>  mkeshavarzi@sheppardmullin.com<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.620.1780<br><br>BENJAMIN D. BROOKS, Cal. Bar No. 314373<br>  bbrooks@sheppardmullin.com<br>501 West Broadway<br>San Diego, CA 92101<br>Telephone: 619.338.6500 |

*Counsel for Defendant Penney OpCo LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN KRANTZ, MARJANIQUE ROBINSON, and ARIANA SKURAUSKIS,<br><br>               Plaintiffs,<br><br>    v.<br><br>OLD COPPER COMPANY, INC. f/k/a J.C. PENNEY COMPANY, INC., and PENNEY OPCO LLC, d/b/a JCPENNEY,<br><br>               Defendants. | Case No. 2:24-CV-10031-SPG-KS<br><br>**JCPENNEY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing**<br><br>Date:  January 7, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5C<br>Judge: Hon. Sherilyn Peace Garnett |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on January 7, 2026, or as soon thereafter as the matter may be heard by the Honorable Sherilyn Peace Garnett, in the United States District Court for the Central District of California, First Street Courthouse, Courtroom 5C, 350 West 1st Street, Los Angeles, CA 90012, Defendant Penney Opco LLC ("JCPenney") will and hereby does move this Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiffs' claims for unjust enrichment (Count III of the Second Amended Complaint), for violation of California's False Advertising Law and Unfair Competition Law (Counts V, VI, and VII), and for equitable relief. The Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and on such other written and oral arguments as may be presented to the Court.

Pursuant to Local Rule 7-3 and this Court's Standing Order, the parties thoroughly discussed the substance and potential resolution of the filed motion by videoconference, and were unable to resolve their dispute.

Dated: November 17, 2025          Respectfully Submitted,

                                  GIBSON, DUNN & CRUTCHER LLP

                                  By:   */s/ Christopher Chorba*
                                        Christopher Chorba

                                  *Counsel for Defendant Penney OpCo LLC*

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................1

SUMMARY OF ALLEGED FACTS AND PROCEDURAL HISTORY ....................2

LEGAL STANDARD .................................................................................................4

ARGUMENT ...............................................................................................................4

    I.    Plaintiffs have not alleged that their sales contracts are unenforceable or invalid. ............................................................................5

    II.   Plaintiffs have not plausibly alleged that legal remedies are inadequate. ..............................................................................................7

        A.   Plaintiffs' claims for equitable relief are premised on the same conduct as their claims for damages. ..................................................7

        B.   Plaintiffs' additional allegations about the inadequacy of damages do not suggest that they are entitled to equitable relief. ...........................9

        C.   The Court should dismiss Plaintiffs' UCL and FAL claims ...................12

CONCLUSION .........................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 4, 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 4

*Broomfield v. Craft Brew Alliance, Inc.*,
  2017 WL 5665654 (N.D. Cal. Nov. 27, 2017) ................................................ 11

*In re Cal. Gasoline Spot Market Antitrust Litig.*,
  2021 WL 1176645 (N.D. Cal. Mar. 29, 2021) ................................................ 10

*Crowder v. Shade Shore, LLC*,
  2024 WL 4868313 (N.D. Cal. June 26, 2024) ............................................... 5, 6

*Guzman v. Polaris Industries, Inc.*,
  49 F.4th 1308 (9th Cir. 2022) ....................................................................... 9, 10

*Ibarra v. Pharmagenics LLC*,
  660 F. Supp. 3d 914 (C.D. Cal. 2023) ................................................ 7, 10, 11, 12

*Johnson v. Cty. of Los Angeles*,
  No. 2:22-CV-04968-SPG-GJS, 2023 WL 5505004 (C.D. Cal. Apr. 19, 2023) ................................................................................................................ 7

*Ketayi v. Health Enrollment Grp.*,
  2021 WL 2864481 (S.D. Cal. July 8, 2021) ................................................ 10, 11

*Kirkeby v. JP Morgan Chase Bank, N.A.*,
  2014 WL 4364836 (S.D. Cal. Sept. 3, 2024) ..................................................... 6

*Nguyen v. Lovesac Co.*,
  2025 WL 950511 (E.D. Cal. Mar. 28, 2025) .................................................. 8, 10

*Prescott v. Saraya USA, Inc.*,
  2025 WL 136148 (C.D. Cal. May 9, 2025) ........................................................ 9

*Robinson v. J.M. Smucker Co.*,
  2019 WL 2029069 (N.D. Cal. May 8, 2019) .................................................... 12

*Rodriguez v. FCA US LLC*,
    2023 WL 3150075 (C.D. Cal. Mar. 21, 2023) ........................................................... 7, 8

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ................................................................................... 7, 11

*Tsai v. Wang*,
    2017 WL 2587929 (N.D. Cal. June 14, 2017) ...................................................... 3, 5, 6

*Vasic v. PatentHealth, LLC*,
    171 F. Supp. 3d 1034 (S.D. Cal. 2016) ........................................................................ 10

*Vizcarra v. Michaels Stores, Inc.*,
    710 F. Supp. 3d 718 (N.D. Cal. 2024) ............................................................................ 5

*Williams v. Apple, Inc.*,
    2020 WL 6743911 (N.D. Cal. Nov. 17, 2020) ............................................... 8, 11, 12

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs' Second Amended Complaint has not remedied the deficiencies the Court previously identified in their claims for unjust enrichment and for equitable relief under the Unfair Competition Law ("UCL"), False Advertising Law ("FAL") and Consumers Legal Remedies Act ("CLRA"). Those are the only claims the Court dismissed that Plaintiffs have attempted to amend; they have chosen not to amend and replead their claim for negligent misrepresentation. Their amendments have not made their claims any more plausible, because they still do not allege that their contract with Penney Opco LLC ("JCPenney") was unenforceable, and still do not plausibly allege that they lack an adequate remedy at law.

The Court previously dismissed Plaintiffs' claim for unjust enrichment on the ground that Plaintiffs "allege[d] the existence of an express contract covering the same subject matter as the unjust enrichment claim" but did not "plead[] facts suggesting that the contract may be unenforceable or invalid." Dkt. 53 at 21. The only revision Plaintiffs made to the unjust enrichment claim in the Second Amended Complaint was to add an allegation that Plaintiffs' "sales contracts may be deemed invalid or unenforceable as contrary to public policy or based on a lack of consideration." Dkt. 54 (SAC) ¶ 149. That assertion is little more than a legal conclusion; nothing in the Second Amended Complaint explains how or why the express contracts would be invalid or unenforceable. Plaintiffs do not explain why the contracts—which govern ordinary transactions for goods—would be deemed "contrary to public policy" or lack consideration. Numerous courts have rejected similar attempts to pursue unjust-enrichment claims when plaintiffs do not disavow the existence of an express contract or at least offer some factual basis to explain why the contract at issue might be invalid. The Court should do the same here.

The Court also dismissed Plaintiffs' claims for equitable relief (sought under the UCL, FAL, and CLRA) on the ground that they did not "allege that legal remedies would

be inadequate." Dkt. 53 at 15. Plaintiffs have amended their complaint with rote allegations claiming they believe legal remedies are inadequate, but they still have not *plausibly* alleged any facts showing why that would be. The gravamen of Plaintiffs' complaint is that they overpaid for certain JCPenney products. They do not allege they lack legal remedies for that alleged injury, and in fact they bring claims—including a breach of contract claim—that would entitle them to legal remedies if they were successful. Courts have repeatedly held that damages would not be inadequate where a given claim for damages is predicated on the same conduct as a claim for equitable relief. That is exactly the case here. Plaintiffs allege that they would *prefer* equitable remedies to legal ones, but that is not the same as alleging that legal remedies are *inadequate*. Specifically, they allege that they would prefer disgorgement to other measures of damages, but the claims under which they seek equitable relief do not allow a plaintiff to recover non-restitutionary disgorgement. To the extent Plaintiffs allege that legal remedies are inadequate because they also seek changes to JCPenney's pricing practices, they have not plausibly alleged that they are entitled to that relief. Accordingly, the Court should dismiss Plaintiffs' UCL and FAL claims, because equitable relief is all that is available to Plaintiffs under those statutes. The Court should also dismiss Plaintiffs' claim for equitable relief under the CLRA.

In attempting to plead around the Court's dismissal of their claims for unjust enrichment and equitable relief, Plaintiffs have merely added conclusory allegations, rather than alleging additional facts suggesting an entitlement to relief. Because it is apparent that there is no set of facts under which Plaintiffs could prevail on those claims, the Court should dismiss them without further leave to amend.

### SUMMARY OF ALLEGED FACTS AND PROCEDURAL HISTORY

Plaintiffs Jordan Krantz, Marjanique Robinson, and Ariana Skurauskis allege they are California citizens who purchased discounted products from JCPenney's website. SAC ¶¶ 17–19, 69–70, 79, 88. Plaintiffs do not allege that the products were worth less than what they paid, but they nevertheless claim to have been harmed because—

according to Plaintiffs—the products were usually or always offered for sale at a discount. *Id.* ¶¶ 72–73, 81–85, 90–96. They assert claims for fraud, breach of contract, and unjust enrichment, and for violations of the CLRA, FAL, and UCL. At the core of each claim is the allegation that they were misled by JCPenney's price advertising. *Id.* ¶¶ 129–34, 141–46, 151–57, 169–76, 188–93, 201–06, 211–22.

JCPenney moved to dismiss Plaintiffs' claims in February 2025, and Plaintiffs amended their complaint instead of opposing the motion. *See* Dkts. 33, 37. JCPenney again moved to dismiss, and in August 2025, the Court granted the motion in part and denied it in part. The Court held that most of Skurauskis's claims were time-barred and dismissed all but one of her claims (for breach of contract) without leave to amend. Dkt. 53 at 6–9. The Court also dismissed Plaintiffs' claim under section 1770(a)(7) of the CLRA without leave to amend, reasoning that Plaintiffs "did not provide the requisite pre-suit notice" as to that claim. *Id.* at 18 & n.2. The Court also struck Plaintiffs' nationwide class allegations as to every claim except for breach of contract. *Id.* at 27.

The Court granted JCPenney's motion to dismiss Plaintiffs' claims for unjust enrichment, negligent misrepresentation, and equitable relief with leave to amend. Dkt. 53 at 15–16, 18–19, 21–22. With respect to Plaintiffs' unjust-enrichment claim, the Court held that, because Plaintiffs alleged that JCPenney breached express sales contracts, Plaintiffs could not pursue unjust enrichment claims unless they also pleaded "facts suggesting that the contract may be unenforceable or invalid." Dkt. 53 at 21 (quoting *Tsai v. Wang*, 2017 WL 2587929, at *8 (N.D. Cal. June 14, 2017)). The Court also reasoned that Plaintiffs could not pursue equitable claims under the UCL, CLRA, or FAL because they "d[id] not allege that legal remedies would be inadequate." *Id.* at 15–16. The Court denied JCPenney's motion to dismiss Plaintiffs' claims for fraud, breach of contract, and violation of sections 1770(a)(5), 1770(a)(9), and 1770(a)(13) of the CLRA, to the extent Plaintiffs sought legal relief.

In the Second Amended Complaint, Plaintiffs chose not to replead their claim for negligent misrepresentation, but amended their unjust-enrichment claim and their claims

for equitable relief under the UCL and FAL. Plaintiffs have attempted to remedy the deficiency the Court identified in their claim for unjust enrichment by adding the following allegation: "The terms of Plaintiffs' and Class Members' sales contracts may be deemed invalid or unenforceable as contrary to public policy or based on a lack of consideration." SAC ¶ 149. In support of their claims for equitable relief, Plaintiffs have added a list of reasons why their legal remedy is supposedly inadequate. Specifically, they allege that "[e]quitable remedies are more prompt, certain, and efficient than equitable [sic, presumably "legal"] relief"; that "the scope of recovery under equitable relief may be more significant than the scope of legal damages"; that the equitable remedy of disgorgement is "more certain and less complex and costly than the measurement for legal damages," permits recovery of interest, and will "serve[] as a deterrent for future unlawful conduct"; and that injunctive relief will allow Plaintiffs to "know whether the advertised prices for JC Penney products are authentic . . . should they wise [sic, presumably "wish"] to purchase such products in the future." SAC ¶¶ 184, 197, 207, 228.

## LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions need not be taken as true merely because they are couched as factual allegations. *Twombly*, 550 U.S. at 555. After stripping away the "conclusory statements" in the complaint, the Court must rely on its "judicial experience and common sense" to determine whether the remaining factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678–79.

## ARGUMENT

Plaintiffs' amendments and additional allegations do not cure the deficiencies the Court identified in their prior pleading. As the Court explained, a plaintiff *may* be able

to pursue unjust-enrichment and breach of contract claims in the alternative, but only if the plaintiff alleges *facts* suggesting that a contract may be found unenforceable or invalid. Dkt. 53 at 21. Plaintiffs have offered no such facts here. Likewise, a plaintiff *may* be able to pursue equitable claims, but only if the plaintiff alleges facts to demonstrate why legal remedies are inadequate. Plaintiffs have not done that, either. Accordingly, the Court should dismiss Plaintiffs' unjust-enrichment claim and their claims for equitable relief without leave to amend.

## I. Plaintiffs have not alleged that their sales contracts are unenforceable or invalid.

As this Court explained in dismissing Plaintiffs' unjust-enrichment claim, a plaintiff may pursue both breach-of-contract claims and unjust-enrichment claims only if she "also pleads facts suggesting that the contract may be unenforceable or invalid." Dkt. 53 at 21 (quoting *Tsui v. Wang*, 2017 WL 2587929, at *8 (N.D. Cal. June 14, 2017)). That requires plaintiffs to do more than merely state that a contract might be unenforceable: they must also "explain[] why" they believe their express contract claims are unviable. *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 732 (N.D. Cal. 2024). Courts routinely dismiss claims for unjust enrichment where the plaintiff does not allege why his or her contract with the defendant is unenforceable. For example:

- In *Vizcarra*, the plaintiff alleged that a retail store breached sales agreements related to discounted products because the products were usually or always discounted. 710 F. Supp. 3d at 732. She sought to pursue unjust enrichment claims in the alternative to her express contract claims, but the court dismissed her unjust enrichment claims because she did not "explain[] why the facts she has alleged could render" the sales contracts "unenforceable." *Id.*

- In *Crowder v. Shade Shore, LLC*, 2024 WL 4868313 (N.D. Cal. June 26, 2024), the plaintiffs asserted both express contract claims and unjust-enrichment claims against a retailer on the ground that the retailer's representation of "regular" prices was false because it always sold those

products at a discount. *Id.* at *1, *9. The plaintiffs asserted that they had "pled facts suggesting that" their express sales contracts with the retailer were "voidable and therefore, unenforceable." *Id.* at *9 (internal quotation marks omitted). But the court held that this was not enough to give rise to an unjust-enrichment claim because the plaintiffs "[did] not allege that their contracts with [d]efendant [were] unenforceable or invalid." *Id.*

- In *Kirkeby v. JP Morgan Chase Bank, N.A.*, 2014 WL 4364836 (S.D. Cal. Sept. 3, 2024), the plaintiff alleged that a bank had been unjustly enriched by fraudulent loan practices related to a mortgage agreement. *Id.* at *2, *7. But the court held that the plaintiff "pled no facts to support" the assertion that the mortgage agreement was unenforceable, and thus "failed to state a plausible unjust enrichment claim." *Id.* at *7.

Plaintiffs' unjust-enrichment claim suffers from the same deficiencies. The Second Amended Complaint contains just one new allegation in support of that claim: namely, that their sales contracts "may be deemed unenforceable as contrary to public policy or based on a lack of consideration." SAC ¶ 149. That statement is not even a factual allegation—it is a "threadbare recital[]" of the law, copied directly from this Court's dismissal order. *Iqbal*, 556 U.S. at 66; *see also* Dkt. 53 at 21–22. What is needed are facts "suggesting that the contract[s] may be unenforceable or invalid." *Tsui*, 2017 WL 2587929, at *8.

But Plaintiffs do not offer any: they do not allege that their agreements to purchase products from JCPenney lacked consideration, and do not identify any public policy those agreements might violate. To the contrary, their only factual allegations suggest that those agreements *are* valid: they allege they formed a contract with JCPenney when they "accept[ed]" JCPenney's offer to sell them products by paying for them. SAC ¶¶ 142–46. In other words, they have alleged that they entered into a routine sales agreement with JCPenney. Because Plaintiffs have not pleaded that their agreements to purchase products from JCPenney are unenforceable—and indeed, have

affirmatively pleaded the opposite—the Court should dismiss their unjust-enrichment claim, this time without leave to amend. *See Johnson v. Cty. of Los Angeles*, No. 2:22-CV-04968-SPG-GJS, 2023 WL 5505004, at *4 (C.D. Cal. Apr. 19, 2023) ("[D]istrict courts have broad discretion to deny leave to amend where there is repeated failure to cure previously identified deficiencies.").

## II.  Plaintiffs have not plausibly alleged that legal remedies are inadequate.

The Court should also dismiss Plaintiffs' claims for equitable relief under the UCL and FAL. Because Plaintiffs' claims for equitable relief are premised on the same conduct as their claims for damages, they have no plausible basis to argue that they lack an adequate remedy at law. They have added several allegations to try to get around this well-established rule, but those allegations do not suggest that they are entitled to equitable relief.

### A.  Plaintiffs' claims for equitable relief are premised on the same conduct as their claims for damages.

In federal court, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Courts have repeatedly held that, when a plaintiff's "claim for damages" is "predicated on the same conduct as his claims for equitable relief," damages would not be inadequate. *Ibarra v. Pharmagenics LLC*, 660 F. Supp. 3d 914, 922 (C.D. Cal. 2023); *see also Rodriguez v. FCA US LLC*, 2023 WL 3150075, at *5 (C.D. Cal. Mar. 21, 2023) (similar). For instance:

- In *Ibarra*, a plaintiff sought money damages and equitable remedies under the CLRA, as well as equitable remedies under the UCL and FAL, based on the defendant's allegedly misleading advertising practices. 660 F. Supp. 3d at 919. Because the claims for damages under the CLRA were "predicated on the same conduct as [the plaintiff's] claims for equitable relief," the court dismissed the equitable-relief claims, noting that the plaintiff's attempt to seek both equitable and legal remedies under the same statute—the CLRA—for the "same

conduct" "undermine[d] any potential inadequacy of legal remedies." *Id.* at 922.

- In *Nguyen v. Lovesac Co.*, 2025 WL 950511 (E.D. Cal. Mar. 28, 2025), the plaintiff brought UCL, CLRA, FAL, fraud, and unjust-enrichment claims based on the defendant's "allegedly unlawful marketing, sales, and pricing" activities. *Id.* at *1–2. The plaintiff alleged—as Plaintiffs do here—that equitable remedies would be more "certain," "efficient," and favorable than money damages, but the court dismissed the plaintiff's equitable claims because "the test for equitable jurisdiction is whether an adequate damages remedy is available, not whether the plaintiff elects to pursue it, or whether she will be successful in that pursuit." *Id.* at *7.

- In *Williams v. Apple, Inc.*, 2020 WL 6743911 (N.D. Cal. Nov. 17, 2020), the plaintiffs brought breach-of-contract, UCL, FAL, and CLRA claims challenging the defendant's allegedly false representations about the way it stored consumers' data. *Id.* at *1–2. The district court dismissed the plaintiffs' UCL and FAL claims because those claims were "based on the same factual predicate" as the plaintiffs' "breach of contract claim for money damages," and the plaintiffs were therefore not entitled to equitable relief. *Id.* at *9–10.

- In *Rodriguez*, a plaintiff sought damages and equitable relief from a car manufacturer based on defects that allegedly caused vehicles to violate California emissions standards. 2023 WL 31500575, at *1. The court dismissed the plaintiff's equitable claims, concluding that "the gravamen of [p]laintiff's" complaint was "that he sought reimbursement for costs he incurred in repairing his vehicle," and "that claim for relief is routinely addressed through legal remedies." *Id.* at *4.

This case fits the same pattern. Plaintiffs claim they overpaid for products and seek reimbursement for those alleged overpayments. Whether or not they ultimately prevail, the pleaded facts make clear the gravamen of Plaintiffs' claims is for money

damages, which is quintessential legal relief. *See Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) ("*Sonner*'s holding applies to equitable" claims so long as "there is a viable" damages claim, "regardless of whether" the plaintiff will actually recover damages). And in fact, Plaintiffs bring claims for money damages. SAC ¶¶ 147, 183. Because "monetary damages provide an adequate remedy" for Plaintiffs' overpayment claims, "a federal court may not consider the merits of equitable claims for restitution, disgorgement, or injunctive relief." *Prescott v. Saraya USA, Inc.*, 2025 WL 1361486, at *5 (C.D. Cal. May 9, 2025).

### B. Plaintiffs' additional allegations about the inadequacy of damages do not suggest that they are entitled to equitable relief.

The Second Amended Complaint includes allegations about the supposed inadequacy of legal remedies, but these new allegations do not change the fact that Plaintiffs have an adequate remedy at law. They allege that their "legal remedy is [inadequate]" for three reasons: (1) "[e]quitable remedies are more prompt, certain, and efficient than [legal] relief," and "the scope of recovery under equitable relief may be more significant than the scope of legal damages"; (2) the equitable remedy of disgorgement is "more certain and less complex and costly than the measurement for legal damages," permits recovery of interest, and will "serve[] as a deterrent for future unlawful conduct"; and (3) injunctive relief will allow Plaintiffs to "know whether the advertised prices for JCPenney products are authentic . . . should they wis[h] to purchase such products in the future." SAC ¶¶ 184, 197, 207, 228. None of these allegations suggests that Plaintiffs lack an adequate remedy at law. That they would *prefer* an equitable remedy to a legal one does not mean their legal remedies are inadequate; disgorgement is not available for any of Plaintiffs' claims; and courts have repeatedly found an assertion of a potential desire to purchase products in the future too speculative to warrant injunctive relief.

*First*, Plaintiffs assert that equitable remedies are generally broader than legal remedies. SAC ¶¶ 184, 197, 207, 228. But Plaintiffs' mere preference for an equitable

remedy is not enough to establish an entitlement to one—they must instead plead that their legal remedies "are insufficient to make them whole." *Ibarra*, 660 F. Supp. 3d at 922. In fact, courts hold that legal remedies are adequate even when a plaintiff foregoes a legal remedy and pursues equitable remedies instead based on a preference for the latter. For instance, in *Guzman*, the plaintiff pursued only equitable remedies for her false advertising claims, reasoning that those remedies would allow for greater recovery. 49 F.4th at 1312. The Ninth Circuit held that she was not entitled to equitable remedies because what matters is whether a legal remedy is viable, not whether a plaintiff prefers an equitable remedy to a legal one. *Id.* at 1313. There is no question that, here, Plaintiffs seek to recover damages based on JCPenney's alleged breaches of contract and allegedly fraudulent or misleading pricing schemes, and that Plaintiffs' equitable claims are based on the same allegedly deceptive conduct as their claims for legal relief. Plaintiffs' "preference to maximize their recovery" by seeking equitable relief does not entitle them to do so. *Ketayi v. Health Enrollment Grp.*, 2021 WL 2864481, at *10 (S.D. Cal. July 8, 2021) (internal quotation marks omitted).

*Second*, Plaintiffs assert that legal relief is inadequate because they seek non-restitutionary disgorgement as a remedy, and that disgorgement is only available for their equitable claims. SAC ¶¶ 184, 197, 207, 228. There are two problems with this argument. First, the fact that Plaintiffs have expressed a preference for disgorgement in particular does not mean they are entitled to it, because the question again is whether legal relief is available for the same alleged harm, not whether equitable and legal remedies differ. "[A]n alleged difference in the amounts Plaintiff may seek as damages and restitution does not make damages inadequate." *Nguyen*, 2025 WL 950511, at *7. Second, disgorgement is not available to Plaintiffs as an equitable remedy in any event, because "nonrestitutionary disgorgement is not available under the UCL," the CLRA, or the FAL. *In re Cal. Gasoline Spot Market Antitrust Litig.*, 2021 WL 1176645, at *8 (N.D. Cal. Mar. 29, 2021); *Vasic v. PatentHealth, LLC*, 171 F. Supp. 3d 1034, 1041 (S.D. Cal. 2016).

*Third*, Plaintiffs suggest that legal relief is inadequate because they "continue[] to be interested in purchasing jewelry, clothing, and products that are available for purchase at [JCPenney] and offered at discounted prices," but they "cannot know whether [JCPenney's] former and regular prices represent honest prices at which the products were listed for sale." SAC ¶¶ 87, 97–98; *see also id.* ¶ 78. According to Plaintiffs, obtaining an injunction requiring JCPenney to price its products in a certain way will enable them to "know whether the advertised prices for JC Penney products are authentic . . . should they wis[h] to purchase such products in the future." *Id.* ¶¶ 184, 197, 207, 228. But these allegations are too speculative to give rise to a claim for injunctive relief. Courts require more certainty. In *Ketayi*, for instance, the plaintiffs alleged they were entitled to injunctive relief to ensure they would not be deceived by the defendant's allegedly false advertising in the future and that, because damages could not repair future harm, their legal remedies were inadequate. 2021 WL 2864481, at *8. The court ruled that those allegations were too speculative, reasoning that a plaintiff who argues that he or she is entitled to injunctive relief must demonstrate a "*current* desire to purchase" the defendant's products or a definite "plan to do so in the future." *Id.* (emphasis added). Other courts have held similarly. *E.g.*, *Ibarra*, 660 F. Supp. 3d at 921 (plaintiff's assertion that he was "genuinely interested in using the product as directed and obtaining the promised results" did not suffice to convey standing because it was not a "plausible allegation[]" of a "threat of future harm"); *Broomfield v. Craft Brew Alliance, Inc.*, 2017 WL 5665654, at *4 (N.D. Cal. Nov. 27, 2017) (plaintiffs did not sufficiently allege standing to seek injunction because they did not assert that they had a "current desire to purchase" the defendant's product). Plaintiffs have made no such allegations here.

The Court lacks jurisdiction over Plaintiffs' claims for equitable relief, and those claims must be dismissed. *Sonner*, 971 F.3d at 834. Because Plaintiffs "failed to cure the deficiency identified" in JCPenney's prior motion to dismiss, the Court should not grant Plaintiffs additional leave to amend. *Williams*, 2020 WL 6743911, at *10.

### C. The Court should dismiss Plaintiffs' UCL and FAL claims.

The UCL and FAL "provide for only equitable relief," and there is "no right to equitable relief or an equitable remedy when there is an adequate remedy at law." *Robinson v. J.M. Smucker Co.*, 2019 WL 2029069, at *6 (N.D. Cal. May 8, 2019) (quotation omitted). Thus, where a plaintiff has an adequate remedy at law, a court necessarily lacks jurisdiction over the plaintiff's UCL and FAL claims. *Id.* Courts routinely dismiss UCL and FAL claims where the plaintiff does not plausibly allege that he or she lacked an adequate remedy at law. *E.g.*, *Williams*, 2020 WL 6743911, at *10; *Ibarra*, 660 F. Supp. 3d at 923. Plaintiffs have not plausibly alleged that they lack an adequate legal remedy here, the Court should dismiss their UCL and FAL claims without leave to amend. *See Robinson*, 2019 WL 2029069, at *6.

## CONCLUSION

Plaintiffs' amendments to the complaint have not remedied the deficiencies the Court previously identified. Plaintiffs have not plausibly alleged a claim for unjust enrichment because they do not plead that their sales contracts with JCPenney were unenforceable, and they have not plausibly alleged that they are entitled to equitable relief under the UCL, FAL, or CLRA because they have adequate legal remedies. Accordingly, the Court should dismiss Plaintiffs' claims for unjust enrichment; violation of the UCL and FAL; and violation of the CLRA, to the extent Plaintiffs seek equitable relief; as well as their claims for equitable relief. This time, the Court should dismiss these claims without leave to amend.

Dated:     November 17, 2025          Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Christopher Chorba*
      Christopher Chorba

*Counsel for Defendant Penney OpCo LLC*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Penney Opco LLC certifies that this brief contains 4,047 words, which complies with the word limit of L.R. 11-6.1, and fewer than 25 pages, which complies with the page limit in Section G(4) of this Court's Civil Standing Order.

Dated:  November 17, 2025          GIBSON, DUNN & CRUTCHER LLP

                                   By:   */s/ Christopher Chorba*
                                         Christopher Chorba

                                   *Counsel for Defendant Penney OpCo LLC*