GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, No. 216692
cchorba@gibsondunn.com
LAUREN M. BLAS, No. 296823
lblas@gibsondunn.com
JEREMY S. SMITH, No. 283812
jssmith@gibsondunn.com
SEAN HOWELL, No. 315967
showell@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
MOE KESHAVARZI, No. 223759
mkeshavarzi@sheppardmullin.com
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.620.1780

BENJAMIN D. BROOKS, No. 314373
bbrooks@sheppardmullin.com
501 West Broadway
San Diego, CA 92101
Telephone: 619.338.6500

*Counsel for Defendant Penney OpCo LLC*

Michael Connett, No. 300314
mconnett@sirillp.com
Leslie L. Pescia (pro hac vice)
lpescia@sirillp.com
Rachel Minder (pro hac vice)
rminder@sirillp.com
745 Fifth Ave, Suite 500
New York, NY 10151
Telephone: 212-532-1091

SHUB JOHNS & HOLBROOK LLP
Jonathan Shub, No. 23708
jshub@shublawyers.com
Deirdre Mulligan (pro hac vice)
dmulligan@shublawyers.com
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Telephone: (610) 477-8380

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JORDAN KRANTZ, MARJANIQUE ROBINSON, and ARIANA SKURAUSKIS,

Plaintiffs,

v.

OLD COPPER COMPANY, INC. f/k/a J.C. PENNEY COMPANY, INC., and PENNEY OPCO LLC, d/b/a JCPENNEY,

Defendants.

Case No. 2:24-CV-10031-SPG-KS

**STIPULATED PROTECTIVE ORDER**

**DISCOVERY MATTER**

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

Good cause exists for the entry of this stipulated protective order because this action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

For example, such confidential, proprietary, and private information includes, without limitation: the source code, object code, software, application programming interfaces, and website and mobile-application architecture, configuration, and design

of Defendant's e-commerce and retail platforms; the identity of, and Defendant's agreements and communications with, third-party technology, analytics, advertising, marketing, and payment-processing vendors; Defendant's data-collection, data-retention, data-security, and information-technology practices, known vulnerabilities, and network architecture; Defendant's internal marketing, pricing, promotional, and customer-analytics strategies, studies, and analyses; non-public financial and sales data; and the personally identifying information, account information, and transaction, histories of Defendant's customers, Rewards members, and current and former employees, the disclosure of which would infringe those individuals' legitimate expectations of privacy. The parties further acknowledge that the confidentiality of this information has been maintained through reasonable measures to preserve its secrecy, and that its public disclosure or its use for any purpose other than this Action would create a substantial risk of competitive and reputational injury for which no monetary remedy would be adequate.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: *Krantz v. Old Copper Company, Inc.*, No. 2:24-cv-10031-SPG-KS, pending in the United States District Court for the Central District of California, including any appeal therefrom.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Such information includes, without limitation, information that has not been made public by the Designating Party and that the Designating Party reasonably and in good faith believes contains or comprises (a) trade secrets; (b) proprietary, competitively sensitive, or non-public business, financial, technical, marketing, or commercial information; (c) information implicating the legitimate expectation of privacy of any natural person, including personally identifying information; (d) information that the Designating Party is obligated to hold in confidence by contract, statute, or regulation, including information obtained from a Non-Party under a nondisclosure or confidentiality agreement; or (e) information that would be especially detrimental or harmful if publicly disclosed.

2.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) that qualifies as "CONFIDENTIAL" information, and contains extremely sensitive information, the disclosure of which to another party would create a risk of competitive injury, including but not limited to: (i) marketing, financial, sales, web traffic, research and development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

2.5 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 In-House Counsel: attorneys who are employees of a Party to this Action, or of a corporate parent, subsidiary, or affiliate of a Party, and who have responsibilities relating to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. In addition, nothing in this Order shall limit a Party's or Non-Party's ability to use, disclose, or publish its own Protected Material for any purpose. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. Protected Material shall retain its designation and the protections of this Order unless and until the trial judge orders otherwise, and the parties shall confer in advance

of trial regarding procedures to protect Protected Material offered or used at trial, including redaction, sealed exhibits, and the sealing of the courtroom or record where appropriate.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Where it is administratively unfeasible or unduly burdensome to designate only those portions of material, documents, items, or communications that contain confidential information—including in connection with the production of electronically stored information in volume—the Producing Party may designate the material in its entirety, subject to an obligation to make more limited designations within a reasonable time after a reasonably specific written request. Mass, indiscriminate, or routinized designations are otherwise prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose

(e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY

CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party either (1) identify on the record, before the close of the deposition, all protected testimony; or (2) designate the entirety of the deposition testimony, including, but not limited to the exhibits presented to the witness, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (before the deposition is concluded) with the right to identify more specific portions of the deposition testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information may be separately bound by the court reporter, who must affix to the top of each page the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend as instructed by the Designating Party. The designation of portions of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will not alter the pagination of the transcript. All deposition testimony, and all exhibits presented to the witness, shall be treated as "CONFIDENTIAL" until the expiration of the 30-day period described above, unless the Designating Party earlier notifies the other parties in writing that a lesser designation applies.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon a reasonably timely correction of a designation once the failure to designate is identified, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including the prompt retrieval or destruction of any copies previously disclosed inconsistently with the corrected designation and such other steps as are described in Section 10 of this Order. Such steps shall occur promptly upon notice of the corrected designation, regardless of any dispute that may exist concerning the designation.

A party may upward designate (i.e., change any documents or other material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or change any Protected Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") any Discovery Material produced by any other Party or Non-Party, provided that said Discovery Material contains the upward Designating Party's own Protected Material, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c). Upward designation shall be accomplished by providing written notice to all parties identifying (by bates number or other individually identifiable information) the Discovery Material to be re-designated within sixty (60) days of production by the Producing Party. Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all parties to upward designate certain Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth herein regarding challenging designations. Unless the Designating Party has waived or withdrawn their "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, all parties shall continue to afford the material in question the

level of protection sought by the upward designating Party until the Court rules on the challenge.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4 Specificity of Challenges. Any challenge to a confidentiality designation shall identify, by Bates number or other individually identifiable information, each document or item challenged, and shall state the specific factual and legal basis for each challenge. Blanket, category-wide, or undifferentiated challenges are not permitted. A Designating Party's failure to prevail on a challenge shall not, absent a finding of bad faith, constitute a violation of Section 5.1.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material shall not be used, directly or indirectly, for any business, commercial, competitive, promotional, or personal purpose, or in connection with any other litigation, arbitration, administrative proceeding, government inquiry, demand, or claim, whether pending or contemplated, other than this Action. Without limiting the foregoing, no Receiving Party, Counsel, Expert, or other person subject to this Order shall use Protected Material to identify, solicit, or communicate with potential clients, claimants, putative class members, or witnesses in any other matter, or disclose Protected Material to the media or on any website, blog, or social-media platform. Nothing in this Order authorizes the disclosure of Protected Material to any putative class member who is not otherwise permitted access under Section 7.2.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, provided that any such person who is not a current officer, director, or employee of a Party must first sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and may not retain any copy of the Protected Material;

(h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons identified in Sections 7.2(a) and (c) through (i).

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly, and in no event more than five (5) business days after service, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

Bound" that is attached hereto as Exhibit A. In addition, within five (5) business days the Receiving Party must provide the Designating Party a written report identifying the Protected Material disclosed, each person to whom it was disclosed, the circumstances of the disclosure, and the steps taken to retrieve it and to prevent recurrence. An unauthorized disclosure shall not waive or diminish any designation or protection under this Order.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

(b) Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any material subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection shall not constitute or be deemed a waiver of, or estoppel as to, that or any other privilege, immunity, or protection, in this Action or in any other federal, state, or administrative proceeding, irrespective of whether the disclosure was inadvertent and irrespective of whether the Producing Party took reasonable steps to prevent or to rectify the disclosure, provided that the Producing Party notifies the Receiving Party in writing of the claim promptly after discovering the disclosure. The parties intend this Section to constitute an order under Federal Rule of Evidence 502(d) and to displace any analysis under Federal Rule of Evidence 502(b).

(c) If a claim of privilege or protection is made with respect to Discovery Material then in the custody of another Party, that Party shall: (i) refrain from any further examination, use, or disclosure of the claimed Discovery Material; (ii) within

five (5) business days, return or destroy the claimed Discovery Material and all copies, summaries, excerpts, notes, and work product reflecting its contents, and certify in writing that it has done so; (iii) take reasonable steps to retrieve the claimed Discovery Material from any person to whom it was disclosed; and (iv) not disclose or use the claimed Discovery Material, or the information contained in it, for any purpose unless and until the Court expressly authorizes such use.

(d) A Party may move the Court for an order compelling production of the claimed material on the ground that it is not, in fact, privileged or protected. Any such motion shall be filed under seal in compliance with Civil Local Rule 79-5, shall not assert as a ground for relief the fact or circumstances of the production, and shall not disclose or characterize the contents of the claimed material. The Producing Party retains the burden of establishing the privileged or protected nature of the material. While such a motion is pending, the material shall be treated in accordance with Section 11(c).

(e) If a Party, in reviewing Disclosure or Discovery Material received from any other Party or Non-Party, encounters material that the reviewing Party reasonably believes may be privileged or otherwise protected, the reviewing Party shall (i) refrain from any further examination, use, or disclosure of the material; (ii) promptly identify the material to the Producing Party by Bates number or other equally precise description; and (iii) allow the Producing Party seven (7) days to state whether it will make a claim of privilege or protection. If the Producing Party makes such a claim, Sections 11(c) and 11(d) shall apply.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If an application to file Protected Material under seal is denied by the Court, the filing Party shall promptly notify the Designating Party and shall not file the material in the public record for seven (7) days thereafter, during which period the Designating Party may seek reconsideration or other relief, withdraw the material, or propose redactions; thereafter, the filing Party may file the information in the public record unless otherwise instructed by the Court.

12.4 Right to Extend Deadlines. Nothing in this Order prevents the parties from modifying by written agreement the deadlines contained herein as needed to avoid unnecessary motions or disputes or otherwise to promote the efficient litigation of this Action, provided the modification does not affect the Court's schedule.

12.5 No Admission or Waiver. Neither this Order, nor any designation or failure to designate under it, shall be construed as an admission or concession that any Protected Material is relevant, discoverable, admissible, or authentic, or as a waiver of any objection to its production or use. Nothing in this Order obligates any Party to produce any document or information, and nothing in this Order limits any Party's right to seek additional, different, or heightened protections for particular material, including a review protocol or an order that particular information need not be produced at all.

12.6 Binding Effect; Request for Continuing Jurisdiction. This Order is binding upon the Parties, their Counsel, and their respective officers, directors, employees, agents, Experts, consultants, Professional Vendors, insurers, successors, and assigns. The Parties request that the Court retain jurisdiction after the final disposition of this Action to enforce, modify, or interpret this Order and to adjudicate

any dispute or violation arising under it, and each person who receives Protected Material consents to that jurisdiction.

12.7 Remedies. The parties agree that a breach of this Order may cause irreparable harm for which monetary damages would be an inadequate remedy, and that a Designating Party may seek injunctive relief to prevent or remedy any actual or threatened breach, in addition to any other relief available under Section 14, without the necessity of posting a bond.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures, including, without limitation, contempt proceedings, monetary sanctions, an

award of the Designating Party's reasonable attorneys' fees and costs incurred as a result of the violation, evidentiary sanctions, and injunctive relief.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: August 28, 2026

*/s/ Jonathan Shub*

Attorneys for Plaintiffs

DATED: August 28, 2026

*/s/ Lauren M. Blas*

Attorneys for Defendants

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 31, 2026

Karen L. Stevenson

The Hon. Karen L. Stevenson
United States Chief Magistrate Judge

## ATTESTATION

I, Lauren M. Blas, hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 28, 2026 By: */s/ Lauren M. Blas*

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of ___________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ________ [date] in the case of *Krantz v. Old Copper Company, Inc.*, Case No. 2:24-cv-10031-SPG-KS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ________________________ [print or type full name] of ______________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order. I further agree that, upon the conclusion of my involvement in this Action, I will return to the counsel who provided them to me all Protected Material and all copies, summaries, excerpts, and notes reflecting Protected Material, or destroy the same and certify such destruction in writing.

Date: ____________________

City and State where sworn and signed: __________________________

Printed name: _____________________________________

Signature: ______________________________